WILLIAM PLAISTED, and another, *vs.* INHABITANTS OF LINCOLN.

*Contract. Municipal vote. Tax.*

The defendants voted to exempt from taxation any improvements "upon the water-power" on a stream, by erections for manufacturing purposes; the plaintiffs erected a tannery, to be operated by steam, on the bank of the stream, and purchased the right to obtain water for the use of the tannery, from a mill-pond thereon, by means of a force-pump and pipe:—*Held*, that the tannery is not exempted from taxation by such vote, not coming within its terms or spirit.

ON FACTS AGREED.

ASSUMPSIT to recover one hundred dollars paid under protest, November 9, 1871, for taxes assessed that year upon the plaintiffs' tannery in Lincoln. That town voted, on the twenty-sixth day of April, 1869, "to exempt from taxation for the term of ten years from date, any improvements that may be made upon the water-power on the Mattanawcook stream in the town of Lincoln, by the erection of mills and buildings for manufacturing purposes," &c. June 29, 1870, the plaintiffs purchased of the Mattanawcook Mill Company a lot of land in Lincoln upon the bank of the mill-pond of that corporation, with the privilege of laying pipes and drawing water from the pond, for the use of the tannery which was erected upon said land at an expense of $40,000, and operated by steam power. The water is drawn through six hundred feet of 2 1-2 and 3 inch pipe, and used in prosecution of the business, but not as a motor. If, in the opinion of the court, the tannery was, under said vote of the town, exempt from taxation, judgment was to be rendered for the plaintiffs for $100, and interest from Nov. 9, 1871; otherwise the plaintiffs were to be nonsuit.

*H. M. Plaisted*, for the plaintiffs.

*W. C. Clark*, for the defendants.

PETERS, J.   We are of opinion that the tannery of the plaintiffs is not within the description of property designed by the vote of the town, to be exempted from taxation.   It is evident that the object of the town, was to induce an investment of capital into a development and use of the water power on the Mattanawcook stream, for manufacturing purposes.   The terms of the vote require that the improvements shall be made "upon the water power" of that stream.   The plaintiffs do not contribute to such a result. They employ a steam power, and not a water power.   Their works are above instead of below the dams, which render the water power of the stream available for manufacturing.   To be sure, they take up for their use a quantity of water from the mill-pond; but it is not shown how much;   nor does it appear but that the same amount could as easily be drawn by them from the stream in its natural condition, without any dams or improvements thereon.   Strictly speaking, the plaintiffs, instead of making "any improvements upon the water-power of the Mattanawcook stream," as contemplated by the vote, actually decrease the volume, and probably the value, of the stream as a water power, by using a portion of it for other purposes.

The further question, whether the vote was void, as contravening constitutional provisions, is therefore immaterial.

*Plaintiffs nonsuit.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON, and BARROWS, JJ., concurred.